UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LINCOLN BENEFIT LIFE COMPANY, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 10-823-DLD** |
| **KIM THOMAS KELLY, ET AL** | **CONSENT CASE** |

## ORDER

This interpleader action is before the court on a motion for summary judgment filed by claimant/interpleader defendant Bethany World Prayer Center (Bethany) (rec. doc. 45). Bethany seeks a judgment awarding it 10% of the proceeds of three of the four annuity policies at issue in this case based on the current beneficiary forms in each policy, which were executed on March 5, 2008.[1] The motion is opposed by the Halpin defendants, who were also named as beneficiaries by the March 5, 2008, change of beneficiary forms, but is not opposed by the Thomas/Hart defendants, who were completely removed as beneficiaries by two of the March 5, 2008, change of beneficiary forms.[2]

### Background

This lawsuit originated as an interpleader action instituted by plaintiffs, Lincoln Benefit Life Company (Lincoln), Allstate Life Insurance Company (Allstate), and American

---

[1] Bethany seeks 10% of three of the four annuity policies at issue in this case. Lincoln Benefit policy LBC0031465 is not at issue in Bethany's motion for summary judgment because Bethany was never named as a beneficiary on that policy.

The most recent change of beneficiary forms on all three policies at issue were executed on March 5, 2008 (rec. docs. 1-1, p. 24 (Allstate), 45-2, p. 18 (Lincoln), p. 28 (American Heritage)).

[2] The Thomas/Hart defendants, were completely removed as beneficiaries from the American Heritage and Lincoln policies by the March 5, 2008, change of beneficiary forms. Although most of the Thomas/Hart defendants were also removed by the March 5, 2008, change of beneficiary form on the Allstate policy, a few of the Thomas/Hart defendants remained as beneficiaries on that policy.

Heritage Life Insurance Company (American Heritage) (collectively referred to as "Insurers"), who issued annuity policies to the decedent Woodrow Thomas (decedent Thomas) during his lifetime and has evolved into an action between the current and former beneficiaries of the annuity policies for the policy proceeds. The annuity policies at issue in this motion are as follows: American Heritage annuity policy AHL200826 - issued on May 26, 2000, with a death benefit of $99,200.58[3]; Allstate annuity policy GA0081035 - issued on April 17, 2000, with a death benefit of $191,992.14; and Lincoln annuity policy LBC0031563- with a death benefit of $246,170.00.[4]

The insurers instituted this interpleader action, deposited the policy proceeds in the amount of $673,973.57 into the registry of the court, and were dismissed (rec. docs. 1 and 7). The named claimants/interpleader defendants filed three separate answers based on their interests: (1) the Thomas/Hart defendants (those previously named as beneficiaries who are challenging the decedent's capacity to contract and contesting the March 5, 2008, change of beneficiary designations): Kim Thomas Kelly, Brett Bailey Thomas, Kenneth Michael Thomas, Jeanie Thomas Adams, Patricia B. Thomas, Casie Lynn Hart, Emmitt David Hart, Jaime Leigh Hart, Ashley Nicole Hart, and Rosa Thomas; (2) the Halpin defendants (the current beneficiaries): Elizabeth Halpin Smith, Clarence R. Halpin, Marsha Jones Halpin; and (3) Bethany World Prayer Center.

---

[3] The death benefit of all annuity contracts includes interest through the date of filing on December 8, 2010.

[4] American Heritage annuity policy AHL200826 and Allstate annuity policyGA0081035 were issued pursuant to an application made directly by the deceased Woodrow Thomas. The Lincoln annuity policies, LBC0031465 and LBC0031563, were issued pursuant to applications submitted and signed by Clarence Halpin, pursuant to a power of attorney for Woodrow Thomas (rec. doc. 1). The date of issuance of the LBC0031563 policy is unclear as the complaint alleges that it was issued on October 8, 2007, but the first change of beneficiary form is dated July 27, 2007.

It is undisputed that sometime after April 2000, the decedent Thomas executed a power of attorney in favor of Clarence Halpin (the validity of power of attorney is in dispute).[5] During the terms of policy numbers AHL200826, GA0081035, and LBC0031563, Thomas and/or Clarence R. Halpin, through the power of attorney, made several changes to the designated beneficiaries, including removing certain designated beneficiaries and changing the percentages assigned to certain designated beneficiaries (rec. doc. 45-2, Exhibits A-E). The most recent beneficiary change was made on March 5, 2008, *in all three policies* and resulted in a substantial increase in the percentage of the policy proceeds designated to beneficiary Clarence Halpin in all three policies, and in the case of the American Heritage and Lincoln Benefit policies, the removal of previously identified beneficiaries (the Thomas/Hart beneficiaries). The decedent Thomas passed away on or about March 29, 2009 (rec. doc. 1).

The Thomas/Hart defendants take the position that the decedent Thomas suffered from dementia and lacked the legal capacity to contract from June 2006 until his death on March 29, 2009, at 93 years old (rec. doc. 28).[6] They are challenging the validity of the power of attorney executed in favor of Halpin, the beneficiary changes made by Halpin pursuant to the power of attorney, and the decedent's capacity to make beneficiary changes after 2006. The Thomas/Hart defendants request that the proceeds be dispersed pursuant to the "beneficiary designations made by [the decedent] prior to his incapacity."

---

[5] The record does not contain a copy of the power of attorney. The Thomas/Hart defendants represent in the status report that on March 28, 2007, Woodrow Thomas executed a power of attorney in favor of Clarence Richard Halpin. One of the exhibits, which is attached to the complaint, the motion for summary judgment, and the opposition memorandum, indicates that the power of attorney may have been signed on September 30, 2004 (rec. doc. 1-1; rec. doc. 45-2; Exhibit D, rec. doc. 46-4).

[6] The parties outline their positions in the status report (rec. doc. 28).

Additionally, Rosa Thomas contends that the life insurance policies were obtained during the community property regime, and the alienation of and/or donation of that property by Halpin by means of the power of attorney deprived her of her community interest in the proceeds (rec. doc. 28). The Halpin defendants contend that Thomas was competent to change the beneficiaries to the policies. Bethany does not take a position on Thomas' capacity.

The overarching issue in this matter is which of the beneficiary forms signed during the decedent's lifetime is valid considering the allegations of the decedent's lack of capacity to contract. The issue before the court on Bethany's motion for summary judgment is whether Bethany is entitled to 10% of the proceeds of each of the policies because it was designated as a beneficiary of the policies both before and after the contested March 5, 2008, change of beneficiary designations (rec. doc. 45).

**Arguments of the Parties**

Bethany argues that it was designated as a 10% beneficiary before and after the March 5, 2008, beneficiary changes; therefore, regardless of whether the change of beneficiary forms are valid (whether Thomas had the capacity to change the beneficiaries), it is entitled to 10% of the proceeds of each annuity policy. Bethany further argues that only the Thomas/Hart defendants have standing to oppose the motion, but they do not oppose the motion and, in fact, they executed a "letter of understanding" in support of Bethany wherein they agree to the entry of judgment in favor of Bethany for 10% of the proceeds

-4-

of the policies at issue.[7] The Halpin defendants, who are current beneficiaries of the policies as a result of the March 5, 2008, change of beneficiary designations, are not challenging the decedent's capacity to contract, but they do oppose Bethany's motion for summary judgment by arguing that there are not enough facts in evidence at this time to identify the proper beneficiaries to the annuity policies.

**Summary Judgment Standard and Substantive Law**

Summary judgment shall be granted when there are no genuine issues as to any material facts and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco*, 76 F.3d 651 (5th Cir.1996), (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912–13 (5th Cir.1992) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). When the moving party has carried its burden under Rule 56(c), the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588, 106 S.Ct. 1348, 89 L.Ed .2d 538 (1986); *see also, Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir.1995). An issue as to a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v.*

---

[7] Bethany originally argued that it was entitled to 10% of the proceeds of the Allstate policy pursuant to the "letter of understanding" executed by the Thomas/Hart defendants because it was unaware that it was designated as a 10% beneficiary prior to the March 5, 2008, change of beneficiary form (rec. doc. 45). The "letter of understanding" served as a settlement of the issues between Bethany and the Thomas/Hart defendants in the event the March 5, 2008, change of beneficiary form was declared invalid. Bethany learned through documents filed in support of the Halpin defendants' opposition memorandum that it was designated as a 10% beneficiary of the Allstate policy prior to the March 5, 2008, change of beneficiary form.

*Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). The non-movant's evidence is to be believed for purposes of the motion and all justifiable inferences are to be drawn in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, at 255.

The substantive law dictates which facts are material. *Littlefield v. Forney Independent School Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). Contracts entered into by a noninterdicted deceased person may be attacked based on incapacity on the following exclusive grounds: (1) when the contract is gratuitous; (2) when the contract evidences lack of understanding; (3) when the contract was made within 30 days of his or her death; (4) when an application for interdiction was filed before his or her death. See La. Civ. Code art. 1926; *Gipson v. Fortune*, 30 So.3d 1076 (La. App. 2 Cir. 2010); *American General Life Ins. Co. v. Wilkes*, 619 F.Supp.2d 252 (M.D. La. 2008). Capacity to contract is presumed; therefore, evidence of lack of capacity must be proven by clear and convincing evidence. See *Skannal v. Bamburg*, 33 So.2d 227 (La. App. 2 Cir. 2010); *Atkins v. Bridgewater*, 803 So.2d 290 (La. App. 2 Cir. 2001).

### **Discussion**

Bethany attempts to focus the issue in this case only on the March 5, 2008, change of beneficiary form designations by arguing in its motion that "irrespective of the validity of the March 5, 2008, change of beneficiary forms," because it was designated as a 10% beneficiary of the policies before and after the contested March 5, 2008, change of beneficiary forms were executed, it is entitled to 10% of the proceeds of the three policies

(rec. doc. 50). [8] Bethany's focus on the fact that it is designated as a 10% beneficiary before and after the contested March 5, 2008, change of beneficiary forms were executed,

---

[8] Bethany offers copies of the beneficiary forms for each annuity policy from 2007 and copies of the March 5, 2008, change of beneficiary forms to prove that it was a 10% beneficiary on all three annuity policies before and after the March 5, 2008, change of beneficiary forms. It is undisputed by the parties and supported by the evidence that Bethany was a 10% beneficiary before and after the March 5, 2008, change of beneficiary forms were executed. The following beneficiary information was submitting by the parties:

American Heritage AHL200826 (issued May 26, 2000)
- May 29, 2007, *Beneficiary Change Form*, signed by Halpin on behalf of Thomas, and May 30, 2007, *Beneficiary Change Form*, signed by Thomas, which changed the beneficiary designations to the following: Bethany World Prayer Center - 10%, Kim Thomas Kelly - 15%, Brett Bailey Thomas - 15%, Kenneth Michael Thomas - 15%, Clarence Richard Halpin - 20%, Jeanie Thomas Adams - 5%, Patricia B. Thomas - 5%, Elizabeth Halpin Smith - 5%, Marsha Jones Halpin - 5%, Kasey Lynn Hart - 1.25% Emmit David Hart - 1.25%; Jaime Leigh Hart - 1.25%; Ashley Nicole Hart - 1.25% (rec. doc. 45-2, pp. 23, 26).
- March 5, 2008, *Beneficiary Information*, signed by Thomas, which changed the beneficiary designations as follows: Bethany World Prayer Center - 10%; Clarence Richard Halpin - 57 %; Marsha Jones Halpin - 26%; Elizabeth Halpin Smith - 7 % (rec. docs. 45-2, p. 28).

Allstate GA0081035 (issued on April 17, 2000)
- May 20, 2003, Thomas signed a change of beneficiary form and designated the beneficiaries as follows: Brett Bailey Thomas - 63 %, Kasey Lynn Hart - 9.25%, David Hart - 9.25%, Jamie Leigh Hart - 9.25%, Ashley Nicole Hart - 9.25% (rec. doc. 1-1, p. 14).
- May 29, 2007, *Beneficiary Information*, signed by Halpin on behalf of Thomas, and May 30, 2007, *Beneficiary Information*, signed by Thomas, which changed the beneficiaries as follows: Bethany World Prayer Center - 10%, Kim Thomas Kelly - 15%, Brett Bailey Thomas - 15%, Kenneth Michael Thomas - 15%, Clarence Richard Halpin - 20%, Jeanie Thomas Adams - 5%, Patricia B. Thomas - 5%, Elizabeth Halpin Smith - 5%, Marsha Jones Halpin - 5%, Kasey Lynn Hart - 1.25% Emmit David Hart - 1.25%; Jaime Leigh Hart - 1.25%; Ashley Nicole Hart - 1.25% (rec. docs. 1-1, p. 17, 20; 46-7, p. 1).
- March 5, 2008, *Beneficiary Information*, signed by Thomas which changed the beneficiary designations as follows: Bethany World Prayer Center - 10%, Jeanie Thomas Adams - 5%, Clarence Richard Halpin - 65%, Elizabeth Halpin Smith - 8%, Kasey Lynn Hart - 3%, Emmit David Hart - 3%, Jamie Leigh Hart - 3%, Ashley Nicole Hart - 3% (rec. docs. 1-1, p. 24, 45-2, 46-8).

Lincoln annuity policy LBC0031563 (issued October 8, 2007)
- July 27, 2007, *Beneficiary Information*, signed by Thomas which designated the beneficiaries as follows: Bethany World Prayer Center -10%, Kim Thomas Kelly - 15%, Brett Bailey Thomas - 15%, Kenneth Michael Thomas - 15%, Clarence Richard Halpin - 31%, Jeannie Thomas Adams - 2%, Patricia B. Thomas - 6%, Elizabeth Halpin Smith - 6%, Marsha Jones Halpin - 6%, Casie Lynn Hart - 1%, Emmit David Hart - 1%, Jaime Leigh Hart - 1%, Ashley Nicole Hart - 1% (rec. docs. 1-1, 45-2, p. 16, 46-1, p. 1).
- March 5, 2008, *Beneficiary Information*, signed by Thomas which designated the beneficiaries as follows: Bethany World Prayer Center - 10%, Clarence Richard Halpin - 57 %, Marsha Jones Halpin - 27%, Elizabeth Halpin Smith - 6% (rec. docs. 1-1, p. 33; 45-2, p. 18; 46-2, p. 1).

Case 3:10-cv-00823-DLD   Document 51   06/13/12   Page 7 of 8

ignores the larger issue in this case, which is the challenge to the decedent's capacity to contract as of June 2006.[9]

In summary, although it is undisputed that Bethany was designated as a 10% beneficiary before and after the contested March 5, 2008, change of beneficiary forms in all three policies, it remains disputed whether the decedent had the capacity to contract from June 2006 through the date of death in 2009, which raises issues regarding the validity of the power of attorney executed by Thomas, the validity of the numerous change of beneficiary forms executed in each of the policies during those years by either the decedent or the power of attorney, and the identity of the proper beneficiaries of the policies, all of which are genuine issues of material fact precluding summary judgment at this time. Accordingly,

**IT IS ORDERED** that Bethany World Prayer Center's motion for summary judgment (rec. doc. 45) is **DENIED.**

Signed in Baton Rouge, Louisiana, on June 13, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[9] Bethany attaches a "letter of understanding" executed by the Thomas/Hart defendants in support of its motion originally to support its argument that it is entitled to 10% of the proceeds of only the Allstate policy, but later in support of 10% of the proceeds of all three policies. The letter is offered as a settlement between the Thomas/Hart beneficiaries and Bethany for 10% of the policy proceeds because Bethany is a "religious organization" and because of the "work done by that organization," while reserving the Thomas/Hart defendants' right to challenge the decedent's capacity with respect to the Halpin defendants (rec. doc. 45-2). As explained herein, because capacity is challenged as of 2006, issues remain as to who are the proper beneficiaries of the policies; therefore, it is unclear whether the Thomas/Hart defendants have standing to enter into a settlement agreement with Bethany for 10% of the proceeds of the policies.